# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JEFFREY W. HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 1:19-cv-00012 |
| ) | JUDGE CAMPBELL |
| KEVIN HAMPTON, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Jeffrey W. Hughes, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a petition for the writ of habeas corpus (Doc. No. 1), and has paid the filing fee (Doc. No. 6.) Petitioner has also filed a motion to appoint counsel. (Doc. No. 5.)

### I.  Motion to Appoint Counsel

By statute, counsel "may be appointed in § 2254 proceedings "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As indicated by the permissive language of the statute, appointment of counsel in a noncapital habeas case is generally discretionary with the district court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). There is no constitutional right to counsel in a habeas proceeding. *Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005); *Ritchie v. Eberhart*, 11 F.3d 587, 591–92 (6th Cir. 1993). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); Rule 8(a), Rules Gov'g § 2254 Cases. Generally speaking, the appointment of counsel in a habeas case is granted only in "exceptional" circumstances, such as when a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare or

present the claim. *Lemeshko*, 325 F. Supp. 2d at 788 (citing *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)); *see also Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (noting that the appointment of counsel is justified "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side") (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)).

In the present case, the question of whether an evidentiary hearing is required has not yet been resolved, and at this stage it does not appear that the case presents any unusual complexities, problems, or conflicts that require the appointment of counsel. Because Petitioner has failed to demonstrate that the interests of justice require appointment of counsel at this time, his motion (Doc. No. 5) is **DENIED**, but without prejudice to Petitioner's ability to raise the issue again should circumstances warrant, or the Court's ability to raise the issue *sua sponte*.

## II.     Initial Review of the Petition

The petition is now before the court for an initial review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). According to the petition, Petitioner was convicted in Lawrence County Circuit Court of one count of theft of property and nine counts of money laundering. (Doc. No. 1 at 1.) He received a 27-year sentence. (*Id.*) Petitioner now challenges the legality of his sentence, claiming that his Sixth Amendment rights were violated at sentencing. (*Id.* at 6.)

The alleged constitutional violation in sentencing states a colorable claim for habeas corpus relief. Because it is not now readily apparent from the face of the petition that Petitioner is not entitled to such relief, Respondent is **DIRECTED** to file an answer, plead or otherwise respond to the petition in accordance with Habeas Rule 5 within **30 days** of the entry of this Order. If

Respondent takes the position in his submission that Petitioner has failed to exhaust his available state remedies for the claim(s) raised in the petition, Respondent **MUST** clearly identify those remedies, citing any applicable statutes, rules, or regulations, and explain the procedure for their exhaustion.

On that same date, Respondent shall also file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rule 5(c) and (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (e.g., plea proceedings, pretrial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument.

Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's silence as his agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

The Clerk is **DIRECTED** to serve a copy of the petition and this order by mail on Respondent and the Attorney General of Tennessee. *See* Habeas Rule 4.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE